The opinion of the court was delivered by
Nicholls, C. J.
Defendant, indicted for murder, was found guilty -of manslaughter and sentenced to the penitentiary for six years. He has appealed. Our attention is directed to five bills of exception. The first four were taken to the action of the District Court in refusing to give to the jury special charges which counsel of accused tendered for that purpose. The fifth was taken to the refusal of the *1213 court to grant a new trial on the application of the defendant. The court gave its general charge in writing. The conclusions we have reached renders reference to any but the second bill of exceptions unnecessary.
The second special charge requested was as follows: “ If you find from all the evidence heard upon this trial that the defendant was attacked by the deceased and his companions, but that their intention was simply to frighten and beat the defendant and not to do him any serious bodily harm, but from the nature of their attack the defendant from all the circumstances surrounding him had reasonable ground to believe that there was a design to destroy his life or to commit a felony on his person, and, so believing, shot and killed one of his assailants, then I charge you that the killing of the assailant by the defendant was excusable homicide, and you must find the defendant not guilty.”
Per curiam, refusing charge. “ There was no evidence to show that Frank Scontrino drew his revolver to frighten the accused, and if there had been accused was fully protected by the charge, since, if he had apparent reason to believe his life was in danger, etc., the law of self-defence would be applicable according to the charge.”
There being no exception to the general charge, we have only examined it in connection with, the special charges asked, to see how far the complaint made of their rejection may have been ill or well founded, in view of its terms. The general charge in this case was evidently directed to the evidence given in the special case, and to what would appear to have been conceded, or to unquestioned facts which had been elicited on the trial. It would be open to serious objection, viewed from a different standpoint.
The portions of the general charge, which the court referred to as establishing the fact that the accused was protected as to the point asked, are we presume the following:
“ If, from the facts of the case, you find that during this altercation between the parties, the prisoner at the bar was suddenly assaulted in a violent manner by several antagonists; that one drew a pistol, and by his acts and the acts of his other assailants, he believed and had good reason to believe, from the character of the attack, that his life was in danger or Ms person in great danger of bodily harm, and while under this real and honest belief he fired the fatal shot in defence of his life, or to protect his person from great *1214 bodily harm, then the homicide would be excusable as in self-defence, and you should so find by your verdict.”
In another portion of the charge the court had told the jury:
“ If you find from the facts of the case beyond any reasonable doubt that, during an altercation between the parties, the prisoner at the bar was subjected to a very serious injury, such an injury as would provoke a reasonable man to an ungovernable passion, and while under the influence of this irresistible impulse he killed and slayed the deceased, he would be guilty of manslaughter, and you should so find by your verdict.”
An examination of the general charge as a whole leads us to the conviction that the second special charge asked should have been given, and that the defendant is entitled to a new trial.
We take occasion to say that, in our opinion, an instruction which, enumerating a certain evidential state of facts, closes by instructing the jury that if they found such a state of facts to have been established beyond a reasonable doubt, the jury must find the accused “ Guilty,” if allowable, is exceedingly dangerous.
It is hereby ordered, adjudged and decreed that the verdict of the jury, and the judgment of the court thereon, be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that this cause be remanded to the Criminal District Court from which it came, for further proceedings according to law.